UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> 2002 CHEVROLET AVALANCHE 1500 4WD ) <br> PICKUP, VIN #3GNEK13T02G255488 and ) <br> FOUR THOUSAND EIGHT HUNDRED ) <br> FIFTEEN ($4,815.00) DOLLARS IN U.S. ) <br> CURRENCY, ) <br> ) <br> Defendants. ) | Case No. 07-1168 |

## O R D E R

This matter is now before the Court on the Government's Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [#16] is GRANTED.

### PROCEDURAL BACKGROUND

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to

defend and contest the forfeiture.  Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, Anton Hall has filed a claim to the 2002 Chevrolet Avalanche 1500 4WD pickup, VIN # 3GNEK13T02G255488 (the "Avalanche") and the currency.  Harris N.A., f/k/a Harris Bank Barrington, N.A. ("Harris"), has also filed a claim to the Chevrolet Avalanche, and the Government acknowledges Harris' perfected security interest in the vehicle.

On February 20, 2009, the Government filed a Motion for Summary Judgment. Neither claimant has responded to the Motion, and the time for doing so has expired. Accordingly, the Court deems the Motion to be unopposed, and this Order follows.

## FACTUAL BACKGROUND

On October 25, 2006, Renee Hannah ("Hannah") was arrested while delivering crack cocaine to Steven Brock ("Brock"), a Morton Police Officer assigned to the Peoria MEG Unit, who was acting as an undercover agent.  Hannah had sold crack cocaine to Brock on six occasions during September and October 2006 and after waiving her Miranda rights, identified Anton Hall ("Hall") and Luella Crayton ("Crayton") as her cocaine suppliers. Hannah further stated that at times, Hall drove his orange Chevy Avalanche to meet her to deliver the cocaine.  Hannah agreed to cooperate with law enforcement and arranged a controlled buy of crack cocaine.  Hall agreed to sell the crack cocaine to Hannah, and Crayton agreed to deliver it.  Crayton was arrested when she met Hannah to make the delivery, and Hall was arrested as he was leaving the parking lot of a gym.  Hall had $815.00 in U.S. Currency on his person and another $4,000.00 packaged in thousand dollar increments in his gym bag.

A search warrant was executed that same day at the residence of Hall and Crayton, and items were seized including: 74 grams of crack cocaine in plastic bags, a WD-40 Hide a Can, a total of 30.04 grams of cannabis, a digital scale, a Nextel cell phone, and $650.00 in U.S. Currency. Crayton stated that the currency in Hall's possession was from the sale of drugs, including $2,000.00 he received for a drug transaction that afternoon at their residence. Crayton further informed law enforcement that Hall told her that he was meeting another individual at the gym that afternoon to collect another $2,000.00 that was owed to him for drug sales.

Hall and Crayton were indicted and charged with possession with intent to distribute over 50 grams of crack cocaine. They both pled guilty. Hall admitted that he had arranged to sell the crack cocaine to Hannah and that the drugs found during the search of his residence were his.

The Avalanche is titled to Hall and is subject to a security interest in favor of Harris. Hall purchased the Avalanche on February 26, 2003, making periodic payments through October 16, 2006. According to Hall's Revised Presentence Report, Hall reported no earnings for 2003, 2004, 2005, or 2006 and was unemployed at the time of his arrest. Crayton has submitted an affidavit in which she states that Hall was unemployed with no legitimate source of income from which to make car payments and that the source of funds for his car payments was drug proceeds. (Crayton Aff. at ¶¶ 4-5) Hall used the Avalanche and another vehicle he owned to deliver drugs, collect money owed from drug sales, and pick-up drugs from his source in Chicago. (Crayton Aff. at ¶ 5) Furthermore, Hall has a 2005 conviction for possession of marijuana. In that case, he was found with eight separate plastic baggies containing marijuana in a kleenex box inside the Avalanche.

**DISCUSSION**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

In a civil forfeiture case, the Government must demonstrate that the property sought is subject to forfeiture by a preponderance of the evidence. United States v. Funds in the

Amount of Thirty Thousand Six Hundred Seventy Dollars ($30,670.00), 403 F.3d 448, 454 (7th Cir. 2005). Title 18 U.S.C. § 983(c)(3) provides that "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." Id. If the property constitutes or is traceable to the proceeds of a controlled substance crime, then it is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

Here, the record contains unrefuted evidence indicating that Hall drove the Avalanche to pick up cocaine from his supplier in Chicago, as well as to deliver the cocaine to customers in Peoria. Hall made regular payments on the Avalanche despite having no legitimate source of income from which to do so. Crayton stated that Hall was unemployed and used the proceeds from his drug deals to pay for the Avalanche and that the $4,000.00 in cash he had with him when he was arrested came from two separate drug transactions of $2,000.00 each that Hall had conducted that day. Furthermore, Hall pled guilty to the charge of possession with the intent to distribute more than 50 grams of crack cocaine in the underlying criminal case, Case No. 06-cr- 10100.

On this record, it is clear that the Avalanche was used by Hall to facilitate drug offenses, thereby establishing a substantial connection between the vehicle and the criminal offenses. Crayton's unchallenged testimony further establishes that the Avalanche was paid for with the proceeds of a controlled substance crime and that the currency in Hall's possession at the time of his arrest was the proceeds of his drug dealing. The property was clearly acquired by Hall during the period of his illegal controlled substance activity and there is no evidence of any other likely source for the property, which is

sufficient to create a presumption that the Avalanche and currency in this case is subject to forfeiture.

Accordingly, the Court finds that the Government has established by a preponderance of the evidence that the $4,815.00 in U.S. Currency was the proceeds from Hall's drug sales and that the Avalanche was both used to facilitate a controlled substance offense and paid for with the proceeds of Hall's drug transactions. The Government has met is burden of establishing that the property is forfeitable and is therefore entitled to summary judgment,

## CONCLUSION

For the reasons set forth above, the Government's Motion for Summary Judgment [#16] is GRANTED, and the Government is directed to tender a proposed order for consideration by the Court within the next 14 days.

ENTERED this 1st day of April, 2009.

> s/ Michael M. Mihm
> Michael M. Mihm
> United States District Judge